UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARA MURRAY,<br><br>                Plaintiff,<br>    v.<br><br>SUPREME COURT OF WASHINGTON, et al.,<br><br>                Defendants. | Case No. 3:25-cv-05074-DGE<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on pro se Plaintiff Sara Murray's motion to proceed in forma pauperis ("IFP"). Dkt. 4. The District Court referred Plaintiff's IFP motion and proposed Complaint to United States Magistrate Judge Theresa L. Fricke pursuant to Amended General Order 11-22.

On February 18, 2025, Plaintiff filed an IFP application, requesting her complaint should be filed without paying the filing fee for a civil case. See Dkt. 4. The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied 375 U.S. 845 (1963).

The Court has carefully reviewed the proposed Complaint in this matter. Because Plaintiff filed this proposed Complaint pro se, the Court has construed the pleadings liberally and has afforded Plaintiff the benefit of any doubt. S*ee Karim-Panahi v. Los*

ORDER TO SHOW CAUSE - 1

*Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In the proposed Complaint, Plaintiff names as defendants Washington Supreme Court Chief Justice Steven Gonzalez, Justice Johnson, Justice Owens, Justice Gordon McCloud and Justice Montoya-Lewis in their administrative capacities and the administrative office of the Supreme Court of Washington. Plaintiff alleges Defendants violated Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act when Defendants failed to provide Plaintiff with her requested ADA accommodations after she filed a Writ of Mandamus in 2024 with the Washington Supreme Court. As a result of Defendants' failure to provide Plaintiff accommodations, Plaintiff alleges she was excluded from "full participation in the judicial process." Dkt. 4-1 at 9.

Her Writ of Mandamus appears to be primarily related to a custody issue involving her minor children, but she states it included ADA accommodation requests. Dkt. 4-3, at Exhibit 5.

The proposed Complaint will not be served at this time because there is no viable claim raised. The Court is deferring a ruling on Plaintiff's IFP motion at this time, and orders Plaintiff to either (1) submit a brief to the Court (show cause) describing why the proposed Complaint should not be dismissed, or (2) file an amended complaint. Either the brief, or the amended complaint, must be filed by Plaintiff on or before April 1, 2025.

ORDER TO SHOW CAUSE - 2

DISCUSSION

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing Rizzo v. Dawson, 778 F.2d 527, 529 (9th Cir. 1985)); see also Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

A. Judicial Immunity

Plaintiff names several Washington Supreme Court Justices as parties in this case. It is well settled that judges are generally immune from suit for money damages. *Mireles v. Waco,* 502 U.S. 9, 9–10 (1991). But absolute judicial immunity does not apply to non-judicial acts, i.e. the administrative, legislative, and executive functions that judges may on occasion be assigned to perform. *Forrester v. White,* 484 U.S. 219, 227 (1988). The Ninth Circuit has identified the following factors as relevant to the determination of whether a particular act is judicial in nature: (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. *Meek v. County of Riverside,* 183 F.3d 962, 967 (9th Cir.1999).

In this case, Plaintiff states she is bringing this lawsuit against the named judges in their administrative capacities, but the Court cannot tell from the allegations of the complaint whether the Plaintiff's causes of action against the judges are based on their judicial acts, or non-judicial acts. Plaintiff very generally states Defendants refused to provide Plaintiff with ADA accommodations, but it is unclear if Defendants' alleged actions were judicial in nature. Thus, it is unclear if the named judges would be immune from Plaintiff's claims for damages.

While judges are immune to suits seeking damages, judicial immunity does not bar claims for injunctive or declaratory relief. *See, e.g., Pulliam v. Allen,* 466 U.S. 522, (1984)*; Partington v. Gedan,* 961 F.2d 852 (9th Cir.1992).

Yet, some of Plaintiff's claims for injunctive relief against the Defendant Judges should be dismissed for other reasons. A review of Plaintiff's requested injunctive relief reveals that it is directed at the Supreme Court, rather than the Defendant Judges. Specifically, Plaintiff requests that the Court "implement policies and training to ensure ADA compliance in the Supreme Court of Washington's administrative practices" and to "provide ADA-compliant accommodations". *See Brown v. Cowlitz County,* 2009 WL 3172778, *4 (W.D.Wash., 2009) (finding a similar injunctive request against a judge, court and county "redundant and duplicative" against the judge because it was directed to the county).

B.  Americans with Disabilities Act and Rehabilitation Act

Title II of the ADA provides: [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132.  To prove that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *Weinreich v. Los Angeles County Metropolitan Transp. Auth.,* 114 F.3d 976, 978 (9th Cir.1997).

Title II of the ADA was expressly modeled after § 504 of the Rehabilitation Act. A plaintiff bringing suit under § 504 must show (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the

program solely by reason of his disability; and (4) the program receives federal financial assistance. *Id.*

Plaintiff fails to present a facially plausible complaint against any of these Defendants as she has not pled sufficient factual content that would allow the Court to draw the reasonable inference that these Defendants are liable for any misconduct. Merely stating that these individuals "refused to provide Plaintiff with ADA accommodations" is a legal conclusion. The allegations in the complaint do not include facts to plausibly allege that she was denied meaningful access to the courts because of a disability.

As to Plaintiff's challenges to decisions made in state court litigation, i.e., a writ of mandamus, the Rooker–Feldman doctrine prevents her from challenging the State Defendant Justices' orders in this federal action. Under Rooker–Feldman, a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, (1983)*; Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16 (1923); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir.2003).

## CONCLUSION

As discussed above, the proposed Complaint does not comply with Fed. R. Civ. P. 8. The proposed Complaint does not allege sufficient facts to plausibly state a cause of action, nor does the complaint describe in a short and plain statement what happened, when it happened, who was involved, and how those acts violated her rights.

Unless it is absolutely clear that no amendment can cure the defects of a complaint, a pro se litigant is entitled to notice of the complaint's deficiencies and an

ORDER TO SHOW CAUSE - 6

opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995).

At this time, the Court finds Plaintiff should be afforded an opportunity to amend her proposed Complaint to attempt to cure the deficiencies. The amended complaint must include a short, plain statement clearly stating the factual allegations supporting his claims and provide clarity regarding what claims she is attempting to bring in this lawsuit. Plaintiff's proposed amended complaint, if any, should be filed on or before April 1, 2025. Based upon the above analysis of the deficiencies in the proposed Complaint, the Court finds it appropriate to re-note Plaintiff's Application to Proceed IFP (Dkt. 4) to April 1, 2025.

Accordingly, it is hereby ORDERED that:

- Plaintiff's Application to Proceed IFP (Dkt. 4) is re-noted to April 1, 2025; and;
- Plaintiff may either:
    -- file a brief addressing the deficiencies of the proposed Complaint and tell the Court ("showing cause") why it should not be dismissed,
    -- or, Plaintiff may file a proposed amended complaint attempting to cure the problems discussed in this Order to Show Cause.
- Either way, if Plaintiff decides to file a brief, or if Plaintiff decides instead to file a proposed amended complaint, the brief or amended complaint is due **on or before April 1, 2025**.

Dismissal Warning: Plaintiff is advised that if, by the deadline established above, she (1) fails to respond to this Order to Show Cause at all, (2) fails to file a proposed

ORDER TO SHOW CAUSE - 7

amended complaint, (3) fails to file a brief that addresses ("show cause") why the proposed Complaint should not be dismissed, or (4) fails to make a motion to the Court and obtain an order granting an extension of time to file the amended complaint or the brief, then the Magistrate Judge will be recommending to District Judge David Estudillo that Plaintiff's IFP motion should be denied and the complaint should be dismissed without prejudice.

Dated this 7th day of March, 2025.

Theresa L. Fricke
United States Magistrate Judge