UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARA MURRAY,<br><br>      Plaintiff,<br><br> v.<br><br>SUPREME COURT OF WASHINGTON, et al.,<br><br>      Defendants. | Case No. 3:25-cv-05074-DGE<br><br>ORDER ON RECUSAL |

  This matter comes before the Court on Plaintiff Sara Murray's "Motion to Strike, Motion to Compel ADA Accommodations, Motion to Compel IFP Approval, and Motion to Disqualify Magistrate Judge Theresa L. Fricke and Presiding Judge David G. Estudillo". Dkt. 6. The District Court referred Plaintiff's *in forma pauperis* application and proposed Complaint to United States Magistrate Judge Theresa L. Fricke in accordance with Amended General Order 11-22. Dkt. 4.

  Ms. Murray filed this motion after the Court entered an order to show cause requesting Plaintiff to either submit a brief to the Court describing why her proposed Complaint should not be dismissed for failure to state a claim or file an amended complaint. Dkt. 5.

  The Court interprets the "Motion to Disqualify Magistrate Judge Theresa L. Fricke" as a motion requesting Magistrate Judge Theresa L. Fricke to recuse herself

ORDER ON RECUSAL - 1

from this case. The Court will not address Plaintiff's motion to strike, motion to compel ADA accommodations or motion to compel IFP approval.

Ms. Murray states Judge Fricke "and all other judges in this Court who have presided over Plaintiff's cases have engaged in the same pattern of ADA violations against Plaintiff." Dkt. 6 at 3. She claims Judge Fricke has engaged in "ADA discrimination" and her "continued participation in this matter is untenable." Dkt. 6 at 6. Plaintiff states no judge in this district "can handle this case due to systematic bias." Dkt. 6 at 7.

A Judge of the United States shall disqualify herself from a proceeding in which her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). In addition, a Judge of the United States shall disqualify herself under circumstances where she has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Normally, a Judge should not be recused when the only basis for the motion to recuse is that the Judge made adverse rulings in the case where the party seeks disqualification of the Judge. *Liteky v. U.S.,* 510 U.S. 540, 555 (1994); *In re Marshall,* 721 F.3d 1032 (9th Cir. 2013).

According to 28 U.S.C. § 144, a Judge shall proceed no further "whenever a party to any proceeding in a district court files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against [the filing party] or in favor of any adverse party." In addition, 28 U.S.C. § 455  reiterates the "grounds for recusal set forth in § 144 . . . [and] (1) made them applicable to *all* justices, judges, and magistrate judges (and not just district judges), and (2) placed the obligation to identify the existence of those grounds upon the judge himself, rather than

ORDER ON RECUSAL - 2

requiring recusal only in response to a party affidavit." *Liteky,* 510 U.S. at 548 (emphasis in original).

Under both §144 and § 455, recusal of a United States Magistrate Judge is appropriate for either actual bias or appearance of bias, if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective test. *Preston v. United States,* 923 F.2d 731, 734 (9th Cir. 1992).

United States District Court for the Western District of Washington Local Civil Rule, LCR 3(f) additionally provides:

> **(f) Motions to Recuse**
>
> Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

Generally, personal bias or prejudice under § 144 or § 455 must stem from an extrajudicial source. *Liteky*, 510 U.S. at 544 (1994); *U.S. v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997). Thus "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" because they cannot show reliance upon an extrajudicial source. *Liteky*, 510 U.S. at 555.

And "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

ORDER ON RECUSAL - 3

Thus, Ms. Murray would need to demonstrate bias stemming from an extrajudicial source or a deep-seated favoritism to provide grounds for recusal under § 144 or § 455. *See U.S. v. Sibla,* 624 F.2d 864, 868-869 (9th Cir. 1980) (Court should initially determine whether the facts alleged in the affidavit submitted by the party seeking recusal are legally sufficient to support the motion, and refer the motion to another judge to determine the merits).

Ms. Murray has not provided legally sufficient facts, because she has neither pointed to evidence of any extrajudicial source for the alleged bias, nor has she shown any evidence of a deep-seated favoritism. She argues "The Court has cited Plaintiff's communication as "unclear" while failing to accommodate a disability that directly affects communication, demonstrating discriminatory bias rather than impartial adjudication." Dkt. 6 at 2. In support of her IFP application, and in support of the proposed Complaint, Plaintiff attached documents asserting a disability. Dkt. 1-1, 4-3 at 7-40. Those documents suggest Plaintiff has a disability, but Plaintiff does not point to any statement in the documents describing how the symptoms or limitations of the disability would prevent her from writing clearly. The allegations against the judicial officers who are defendants in the Proposed Complaint were identified by the Court as being less than clear (Dkt. 5, Order to Show Cause, at 4) but this does not suggest the Court has actual bias or appearance of bias. There are other documents Plaintiff submitted for the record where assertions of fact are written clearly, and it would be reasonable to conclude that Plaintiff has the ability to write and to express

ORDER ON RECUSAL - 4

herself with clarity. See, e.g., Dkt. 4 at 3-4 (letter to the Court, dated 2-18-2025 in support of IFP application).

There are no allegations of any facts or instances showing a "deep-seated bias" that would make fair judgment impossible. The allegations are conclusory, which "are insufficient to support a claim of bias or prejudice such that recusal is required." *U.S. v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (internal quotations omitted). A reasonable person with knowledge of all the facts would not conclude that the judge's impartiality might reasonably be questioned. The Magistrate Judge firmly maintains she has done nothing that would create the appearance of bias and has no reason to be partial to one side or the other.

## CONCLUSION

In accordance with LCR 3(f), Plaintiff's motion for recusal of the Magistrate Judge shall be referred to the Chief Judge for a determination of its merits.

Plaintiff's motion for recusal of the undersigned is **REFERRED** to Chief Judge David Estudillo for decision and the Clerk of the Court is directed to place the motion for the recusal of the undersigned on Judge Estudillo's motion calendar.

The Clerk of the Court shall send a copy of this Order to Plaintiff.

Dated this 18th day of April, 2025.

Theresa L. Fricke
United States Magistrate Judge