UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARA MURRAY,<br><br>                Plaintiff,<br>    v.<br><br>SUPREME COURT OF WASHINGTON et al.,<br><br>                Defendant. | CASE NO. 3:25-cv-05074-DGE<br><br>ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 8) AND REFERRING MOTION |

**I    INTRODUCTION**

This matter comes before the Court on Honorable Magistrate Judge Theresa L. Fricke's Order Denying Recusal (Dkt. No. 8) in reference to Plaintiff's Motion to Strike (Dkt. No. 6.) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themselves from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Fricke's decision not to recuse. Further, because

1   Plaintiff additionally requests the recusal of the undersigned judge, David G. Estudillo, the Court
2   refers this matter for consideration to Judge Tana Lin.  *See* LCR 3(f).

3         Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455.  Recusal is
4   required if a judge's impartiality might reasonably be questioned or if the judge harbors personal
5   bias or prejudice against a party.  28 U.S.C. § 455(a), (b)(1).  Such bias or prejudice must derive
6   from an extrajudicial source.  *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL
7   501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.
8   1984).  Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is
9   appropriate if "a reasonable person with knowledge of all the facts would conclude that the
10  judge's impartiality might reasonably be questioned."  *Yagman v. Republic Ins.*, 987 F.2d 622,
11  626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance
12  of bias, not whether there is bias in fact.  *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.
13  1992).

14        Plaintiff argues that Judge Fricke and Judge Estudillo cannot preside over matters she has
15  initiated because they have engaged in discrimination against her, in violation of the Americans
16  with Disabilities Act (ADA), the Rehabilitation Act, and other authorities.  (*See generally* Dkt.
17  Nos. 6, 7.)  But Plaintiff makes only conclusory statements without providing any factual basis
18  showing how she was discriminated against on the basis of disability.  For instance, Plaintiff
19  cites *Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001) (*see* Dkt. No. 6 at 2), a case in
20  which a party with a hearing disability was not accommodated with real-time transcription
21  during a court hearing, but she does not explain how those facts apply here or warrant recusal.
22  The standard for recusal is objective, and Plaintiff has not put forward any facts that would cause

a reasonable person to question the impartiality of Judge Fricke or Judge Estudillo. *Yagman,* 987 F.2d at 626.

Further, Plaintiff argues that Judge Estudillo must be recused because she has named him as a Defendant in litigation. (*See* Dkt. No. 7 at 7.) In fact, Plaintiff now proposes to amend her complaint to name Judge Estudillo and Judge Fricke as defendants in this matter. (Dkt. No. 9 at 2.) However, "[a] party cannot manufacture grounds for recusal by fantastic allegations, by vague accusations or by alleging in conclusory terms that a judge is biased, by filing an ethics complaint against a judge, or even by suing a judge." *Royer v. Pennsylvania State Univ.*, No. 03:00-CV-290-KRG-KAP, 2012 WL 956422, at *1 (W.D. Pa. Feb. 28, 2012), *report and recommendation adopted*, 2012 WL 954710 (W.D. Pa. Mar. 20, 2012) (internal citation omitted).[1] In *Chase v. Ahuja*, the court declined to recuse when a plaintiff sued the presiding judge and others on the court after "receiving rulings not to her liking." No. 5:22-CV-225-AW-HTC, 2022 WL 17730878 at *1 (N.D. Fla. Dec. 16, 2022). The court noted that "[t]here is no hard-and-fast rule that a judge must recuse when he is sued." *Id.* (citing *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him.")). The court reasoned that "[t]here is no reason to think that if I recused, Plaintiff would not sue the next judge too, if she had not already. Recusing in this circumstance would do no good and would not serve the recusal statute's purpose." *Id.* That reasoning applies in full force here, where Plaintiff has argued that every judge in the Western District of Washington is biased against her and has initiated this case against the Justices of the Supreme Court of Washington for alleged ADA discrimination. (Dkt. Nos. 6 at 7; 1 at 7.)

---

[1] This is not the first time Plaintiff has sought recusal of the undersigned or of other judges in this District based on what appear to be attempts to manufacture conflicts. *See Murray v. U.S. Attorney's Office et al.*, Case No. 2:25-cv-00259-LK, Dkt. Nos. 14, 17, 19 (W.D. Wash. 2025).

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 8) AND REFERRING MOTION - 3

Accordingly, the Court AFFIRMS Judge Fricke's denial (Dkt. No. 8) of Plaintiff's motion seeking her recusal (Dkt. No. 6), the Court construes Plaintiff's motion as seeking the recusal of Judge Estudillo and DENIES that motion, and the Court REFERS this matter to Judge Lin for her review per Local Civil rule 3(f).

Dated this 6th day of May, 2025.

David G. Estudillo
United States District Judge