UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SARA MURRAY,<br><br>              Plaintiff,<br>   v.<br><br>SUPREME COURT OF WASHINGTON et al.,<br><br>              Defendants. | CASE NO. 3:25-cv-05074-DGE<br><br>ORDER AFFIRMING ORDER DENYING RECUSAL |

This matter is before the Court on Plaintiff Sara Murray's Motion to Strike, Motion to Compel ADA Accommodations, Motion to Compel IFP Approval, and Motion to Disqualify Magistrate Judge Theresa L. Fricke and Presiding Judge David G. Estudillo (Dkt. No. 6) and Judge Estudillo's order denying and referring the motion to recuse (Dkt. No. 11). Having reviewed Ms. Murray's motion, Judge Estudillo's order denying the recusal request, and the relevant record, the Court AFFIRMS Judge Estudillo's order denying the motion to recuse.

|   |   |
|---|---|
| 1 | **I.    BACKGROUND** |
| 2 | On March 12, 2025, Ms. Murray filed a motion to, among other things, recuse Judge |
| 3 | Theresa Fricke and Judge David Estudillo. Dkt. No. 6. On April 18, 2025, Judge Fricke issued an |
| 4 | order denying Ms. Murray's motion to recuse and referring the motion to Judge Estudillo for |
| 5 | decision. Dkt. No. 8. On May 6, 2025, Judge Estudillo affirmed Judge Fricke's denial of recusal |
| 6 | and similarly declined to voluntarily recuse. Dkt. No. 11 at 1–2. Judge Estudillo referred the |
| 7 | matter of his own recusal to this Court for decision. Dkt. No. 11 at 2. |
| 8 | **II.    LEGAL STANDARD** |
| 9 | Local Civil Rule ("LCR") (3)(f) requires a challenged judge to review motions filed |
| 10 | pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455 and to determine whether to recuse voluntarily. |
| 11 | LCR 3(f). If the challenged judge declines to recuse voluntarily, the judge must direct the court |
| 12 | clerk to refer the motion to the chief judge for their review. *Id.* If the motion is directed at the |
| 13 | chief judge, or if the chief judge (or their designee) is unavailable, the clerk must refer the |
| 14 | motion to the active judge with the highest seniority. *Id.* |
| 15 | 28 U.S.C. § 455(a) provides that judges of the United States "shall disqualify |
| 16 | [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." |
| 17 | The statute further provides that judges must recuse "[w]here [they have] a personal bias or |
| 18 | prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the |
| 19 | proceeding." 28 U.S.C. § 455(b)(1). Similarly, 28 U.S.C. § 144 requires recusal when "a party to |
| 20 | any proceeding in a district court makes and files a timely and sufficient affidavit that the judge |
| 21 | before whom the matter is pending has a personal bias or prejudice either against [them] or in |
| 22 | favor of any adverse party." The standard for recusal under both statutes is the same: "Whether a |
| 23 | reasonable person with knowledge of all the facts would conclude that the judge's impartiality |
| 24 | might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) |

(internal citation omitted). "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (internal citation omitted); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion.") (internal citation omitted).

### III.   DISCUSSION

Pursuant to Local Civil Rule 3(f), this matter is before this Court on Chief Judge Estudillo's referral to the undersigned of the portion of his May 6, 2025 Order regarding his recusal. Dkt. No. 11 at 2. Plaintiff's motion was directed, in part, at Chief Judge Estudillo (*see generally* Dkt. No. 6), and the undersigned is the active judge with the highest seniority in the Western District of Washington.

In seeking Judge Estudillo's recusal, Ms. Murray argues that he has engaged in systematic discrimination against her in violation of the Americans with Disabilities Act ("ADA"). *See* Dkt. No. 6 at 6–7. Ms. Murray argues that Judge Estudillo is engaging in discrimination against her in retaliation for another existing lawsuit brought by Ms. Murray—*Murray v. Whitehead et al.*, No. C25-312—in which Judge Estudillo affirmed Judge Whitehead's order denying recusal. *Id.* at 6.

But as the Supreme Court has explained, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and opinions a judge forms based on "facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (internal citation omitted). Thus, Judge Estudillo's order affirming Judge Whitehead's denial of recusal alone cannot be grounds for his own recusal.

Ms. Murray offers no other factual basis for her allegations of discrimination on the basis of disability. *See generally* Dkt. No. 6; Dkt. No. 7 (motion to compel ruling on in forma pauperis and ADA access). The standard for recusal is "[w]hether a reasonable person *with knowledge of all the facts* would conclude that the judge's impartiality might reasonably be questioned." *McTiernan*, 695 F.3d at 891 (emphasis added). This standard necessarily requires Ms. Murray to plead facts showing the alleged discrimination by Judge Estudillo which she claims warrants recusal. She has not done so here.

Further, Judge Estudillo's inclusion as a defendant in *Murray v. Whitehead et al.* and his addition as a defendant in Plaintiff's proposed amended complaint is not grounds for his recusal. *See* Dkt. No. 9-1 (proposed amended complaint); Dkt. No. 10 (supplemental response to order) at 2 (noting that Judge Estudillo is "personally named as a Defendant in the operative Amended Complaint filed contemporaneously"). "A party cannot manufacture grounds for recusal by fantastic allegations, by vague accusations or by alleging in conclusory terms that a judge is biased, by filing an ethics complaint against a judge, or even by suing a judge." *Royer v. Pennsylvania State Univ.*, No. C00-290, 2012 WL 956422, at *1 (W.D. Pa. Feb. 28, 2012), *report and recommendation adopted*, 2012 WL 954710 (W.D. Pa. Mar. 20, 2012) (internal citation omitted).

## IV.    CONCLUSION

Having considered Ms. Murray's arguments in support of recusal and finding them without merit, this Court AFFIRMS Judge Estudillo's order denying Ms. Murray's motion to recuse.

Dated this 14th day of May 2025.

Tana Lin

United States District Judge

ORDER AFFIRMING ORDER DENYING RECUSAL - 5