UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARA MURRAY,<br><br>                Plaintiff,<br>    v.<br>SUPREME COURT OF WASHINGTON, et al.,<br><br>                Defendants. | Case No. 3:25-cv-05074-DGE<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR JUNE 25, 2025 |

This matter comes before the Court on pro se plaintiff Sara Murray's motion to proceed in forma pauperis ("IFP") and her proposed amended complaint. Dkt. 4, 9.

On February 18, 2025, plaintiff filed an IFP application, requesting her complaint should be filed without paying the filing fee for a civil case. *See* Dkt. 4. The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. §1915(a). However, the court has broad discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied 375 U.S. 845 (1963).

After reviewing plaintiff's complaint, the Court ordered plaintiff to show cause why her complaint should not be dismissed for failure to state a claim. Dkt. 5. Plaintiff subsequently filed a "motion to strike show cause order, compel ADA accommodations, compel IFP approval, and disqualify judges." Dkt. 6.

REPORT AND RECOMMENDATION - 1

The Court interpreted this to, in part, be a motion requesting Magistrate Judge Theresa L. Fricke to recuse herself. Magistrate Judge Theresa Fricke declined to voluntarily recuse herself from the case and referred plaintiff's motion for recusal to Chief Judge David Estudillo pursuant to Local Civil Rule 3(f). Chief Judge David Estudillo affirmed Judge Fricke's denial of plaintiff's motion seeking her recusal[1]. Dkts. 8, 11.

The Court now turns to plaintiff's motion to amend her complaint, which was filed in response to the Court's Order to Show Cause dated March 7, 2025. She brings claims in her own name and on behalf of her minor children, G.E.M. and C.M.M., over whom she appears to no longer have custody. For the reasons discussed below, the Court recommends plaintiff's IFP motion should be DENIED and her complaint should be DISMISSED without prejudice.

## DISCUSSION

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not

---

[1] Chief Judge Estudillo interpreted plaintiff's motion as a motion seeking his own recusal too. Judge Estudillo denied plaintiff's motion, and referred the matter to District Judge Tana Lin for her review pursuant to Local Civil Rule 3(f). Dkt. 11. Judge Lin affirmed the order denying Chief Judge Estudillo's recusal. Dkt. 12. Plaintiff filed a notice of appeal to the Ninth Circuit for the District Court's "constructive denial" of her IFP motion and her disability-related accommodation requests. Dkt. 13.

NOTED FOR JUNE 25, 2025 - 2

only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson,* 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but, like any other complaint, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

In the proposed amended complaint, plaintiff names as defendants Washington Supreme Court, District Judge David Estudillo, Magistrate Judge Theresa L. Fricke, and Washington Supreme Court Chief Justice Steven Gonzalez, Justice Barbara Madsen, Justice Johnson, Justice Susan Owens, Justice Debra Stephens, Justice Gordon McCloud and Justice Montoya-Lewis in their administrative and individual capacities.

Plaintiff asserts many causes of action in the amended complaint – the claims are difficult for the Court to fully discern. Generally speaking, plaintiff alleges defendants failed to accommodate her disability and denied her due process in violation of the

1 United States Constitution, the Americans with Disabilities Act ("ADA"), and the

2 Rehabilitation Act ("RA"), and the All Writs Act. Dkt. 9-1 at 21-25.

3       Plaintiff further alleges defendants "willfully acted to shield known perpetrators" of

4 state and private actors that have violated the Racketeer Influenced and Corrupt

5 Organizations Act ("RICO"), violated international law and subjected her minor children

6 to degrading treatment by isolating her children from plaintiff, their primary caregiver. *Id.*

7 28-30.

8       **A. Plaintiff's Minor Children**

9       As a non-lawyer, plaintiff cannot represent her children pro se. Plaintiff asserts

10 that she is bringing claims on behalf of her minor children, but as a non-attorney, she

11 cannot represent other people—including her children. *Johns v. Ctny. of San Diego*, 114

12 F.3d 874, 876 (9th Cir. 1997) ("a non-attorney parent must be represented by counsel in

13 bringing an action on behalf of his or her child" because "it is not in the interest of

14 minors . . . that they be represented by non-attorneys" (cleaned up)).

15       While there are rare exceptions to this rule, none apply here. Plaintiff does not

16 claim to be an attorney and the Washington State Bar Association's online lawyer

17 directory does not list her as a legal professional. Thus, the Court finds that G.E.M.'s

18 and C.M.M.'s claims are not properly before the Court, as they have not appeared

19 through an attorney. G.E.M.'s and C.M.M.'s claims, if any, should be dismissed without

20 prejudice. *Johns*, 114 F.3d at 877

21       **B. Immunity**

Plaintiff names several Washington State Supreme Court Justices as well as Chief Judge David Estudillo and Magistrate Judge Theresa Fricke[2] as parties in this case. Dkt. 9. It is well settled that judges are generally immune from suit for money damages. *Mireles v. Waco,* 502 U.S. 9, 9–10 (1991). But absolute judicial immunity does not apply to non-judicial acts, i.e. the administrative, legislative, and executive functions that judges may on occasion be assigned to perform. *Forrester v. White,* 484 U.S. 219, 227 (1988). The Ninth Circuit has identified the following factors as relevant to the determination of whether a particular act is judicial in nature: (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. *Meek v. County of Riverside,* 183 F.3d 962, 967 (9th Cir.1999).

Plaintiff claims the defendants violated the Ninth Circuit's holding in *Duvall v. Kitsap County* by issuing adverse rulings against plaintiff without any meaningful assessment of her accommodation request, failing to consult qualified ADA experts, failing to conduct an individualized assessment of plaintiff's disability-related barriers, and failing to explore or offer any reasonable modifications to ensure plaintiff's equal access to judicial processes. 260 F.3d 1124 (9th Cir. 2001). Dkt. 9-1 at 13-14.

---

[2] Although plaintiff now names Judge Estudillo and Judge Fricke as defendants in this case, plaintiff has not put forward facts that would cause a reasonable person to question the impartiality of either Judge. *See* Dkts. 8, 11, 12. "A judge is not disqualified merely because a litigant sues or threatens to sue him." *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977), cert. denied, 435 U.S. 954 (1978). "Such an easy method for obtaining disqualification should not be encouraged or allowed. *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984).

The Ninth Circuit in *Duvall* held that a state-court judge was immune from ADA and RA liability for his failure to accommodate a litigant's disability. Duvall claimed that a hearing impairment left him unable to meaningfully participate in his family-law case, so he requested a "videotext display" as an accommodation during his hearings. *Id.* at 1130. On the first day of his family-court trial, Duvall's attorney made a motion "requesting videotext display to accommodate Duvall's hearing impairment." *Id.* at 1131. The family-law judge denied the motion, explaining that his court had "not progressed to that technical degree" yet and that he assumed "if Mr. Duvall wished to have that service available[,] he [could] provide that service for himself." *Id.* But the judge allowed Duvall to move around the courtroom in an effort to better hear the testimony—an alternative that Duvall claimed only made matters worse and "prevented him from meaningfully participating in the trial." *Id.* at 1132. In Duvall's failure-to-accommodate suit, the district court granted summary judgment to the family-law judge on the ground of judicial immunity, and the Ninth Circuit affirmed. *Id.* at 1133.

To determine whether an act is judicial and thus immune from suit, "the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself. *Mireles v. Waco*, 502 U.S. 9, 13 (1991). So "we look to the particular act's relation to a general function normally performed by a judge ...." *Id.* An act is a judicial one if "it is a function normally performed by a judge" and the parties were dealing with the judge in his or her "judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

Here, plaintiff repeatedly, but very generally states defendants refused to provide plaintiff with ADA accommodations. Although plaintiff's allegations are broad, it appears that the *nature* and *function* of the acts that she claims caused that effect are entirely

judicial. Plaintiff states defendants made "adverse rulings" against plaintiff – these are acts performed by judges in the course of litigation. Thus, it appears plaintiff's claims are rooted in judicial acts that are absolutely immune from suit. These acts remain judicial and immune from suit even if they violate plaintiff's rights under the ADA and RA. As the Supreme Court explained in *Stump v. Sparkman*, the result of the act is not dispositive, so the fact that a ruling may be "so unfair" or "totally devoid of judicial concern for the interests and well-being" of a litigant or others does not strip it of immunity. 435 U.S. at 363.

In addition to the named judges, the Supreme Court of Washington is also protected by immunity. Eleventh Amendment immunity extends beyond the state itself. "[A]rms of the [s]tate" also enjoy the Amendment's protection. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989). Thus, the Supreme Court of Washington is immune from suit. *See O'Connor v. Nevada*, 686 F.2d 749, 750 (9th Cir. 1982) (recognizing that the Nevada Supreme Court is an arm of the State of Nevada, and so is immune from § 1983 damages claims.). As a result, the Eleventh Amendment precludes plaintiff's claims against all the Supreme Court of Washington.

**C. Rooker-Feldman Doctrine**

Under what is known as the Rooker–Feldman doctrine, federal district courts lack subject matter jurisdiction over lawsuits that are, in effect, appeals from state court judgments. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). A federal lawsuit may be an improper appeal where the federal claims raised are

NOTED FOR JUNE 25, 2025 - 7

intertwined with a state court judgment. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008).

This occurs where a federal lawsuit requests relief that would effectively reverse a state court decision or void its ruling. *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002); *see also Bianci v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003) ("[T]he Rooker-Feldman doctrine is not limited to claims that were actually decided by the state courts, but rather it precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." (quotation marks omitted)).

Here, the court is precluded by the Rooker-Feldman doctrine from hearing some of plaintiff's claims, which seek to challenge decisions made in state court litigation, i.e., a writ of mandamus and aspects of her child custody proceedings. If plaintiff wishes to contest the outcome of that case, the proper means to do so is through a direct appeal to a higher Washington state court. This court has no power to review a state trial court's decision.

CONCLUSION

Unless it is absolutely clear that amendment would be futile, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded by statute on other grounds, 28 U.S.C. § 1915(e)(2). The Court provided plaintiff one opportunity to amend her complaint; the Court should find further amendment futile because the named defendants appear to be immune from liability and this Court is precluded from hearing plaintiff's claims related to decisions made in state court litigation.

The Court thus recommends DENYING plaintiff's IFP application and DISMISSING plaintiff's complaint without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on June 25, 2025, as noted in the caption.

Dated this 10th day of June, 2025.

Theresa L. Fricke
United States Magistrate Judge