UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARA MURRAY,<br><br>                    Plaintiff,<br><br>      v.<br><br>SUPREME COURT OF WASHINGTON et al.,<br><br>                    Defendant. | CASE NO. 3:25-cv-05074-DGE<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 15) AND DISMISSING CASE |

## I    INTRODUCTION

Before the Court is the Report and Recommendation ("R&R") of the Honorable Magistrate Judge Theresa L. Fricke (Dkt. No. 15) the objections thereto from Plaintiff (Dkt. No. 16.) The Court ADOPTS the R&R and DISMISSES this case without prejudice.

## II    BACKGROUND

Plaintiff initiated this case suing the Washington Supreme Court and each of its Justices. (Dkt. No. 1.) Plaintiff alleges that Defendants violated her rights under the Americans with Disabilities Act ("ADA") and other statutes by failing to appoint her an attorney and denying her

ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 15) AND DISMISSING CASE - 1

request to proceed in forma pauperis, related to her petition for a writ of mandamus in a child custody matter. (Dkt. No. 1 at 4, 7–9.) Judge Fricke conducted a review under 28 U.S.C. § 1915(a) and found the complaint to be deficient, ordering Plaintiff to show cause or file an amended complaint. (Dkt. No. 5.) Judge Fricke found that the claims might be barred by judicial immunity, that Plaintiff had not pled sufficient facts to support an ADA violation, and that the Court could not hear an appeal of a state court decision under *Rooker-Feldman* doctrine. (*See id.*)

Plaintiff then filed a "Motion to Strike Show Cause Order, Compel ADA Accommodations, Compel IFP Approval, Disqualify Judges." (Dkt. No. 6.) The motion argued that both Judge Fricke and the Undersigned should be recused due to "demonstrated bias." (Id. at 2.) Judge Fricke denied the motion to recuse herself, finding that Plaintiff failed to demonstrate any objective bias, and referred the matter to the Undersigned under Local Civil Rule 3(f). (Dkt. No. 8.) Plaintiff also filed a proposed amended complaint, which would add Judge Fricke and the Undersigned as defendants, and would add Plaintiff's minor children as co-plaintiffs. (Dkt. No. 9 at 2.) The Undersigned affirmed Judge Fricke's decision not to recuse, and declined to recuse himself, finding that there was no objective reason to question either judge's impartiality, and reasoning that a plaintiff cannot manufacture grounds for recusal by suing or threatening to sue a judge. (Dkt. No. 11.)[1] Following the denial of recusal, Plaintiff filed a notice of appeal with the Ninth Circuit. (Dkt. No. 13.)

Judge Fricke then issued an R&R to dismiss this case without prejudice. The R&R finds that Plaintiff, proceeding pro se, cannot represent her minor children. (Dkt. No. 15 at 4.) It finds

---

[1] Under Local Civil Rule 3(f), Judge Tana Lin reviewed the Undersigned's decision not to recuse, and affirmed. (Dkt. No. 12.)

ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. NO. 15) AND DISMISSING CASE - 2

that Plaintiff's ADA complaints against various judges stem from the exercise of their judicial functions and are thus barred by judicial immunity, discussing *Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir. 2001), the case on which Plaintiff primarily relies. (*Id.* at 4–7.)  Likewise, it finds that the Supreme Court of Washington is protected by sovereign immunity. (*Id.* at 7.) Finally, the R&R again finds that this Court cannot review state court decisions related to the writ of mandamus and child custody under the *Rooker-Feldman* doctrine. (*Id.* at 7–8.)  The R&R would deny leave to amend because Plaintiff has already had an opportunity to amend and further amendment would be futile. (*Id.* at 8.)  It would dismiss the case without prejudice, presumably affording Plaintiff an opportunity to pursue any viable claims in state court.

Plaintiff filed an objection to the R&R on two primary grounds.  Plaintiff argues the R&R was issued by a "disqualified judge with direct personal involvement in a related appeal," and that this Court lost jurisdiction over this case when she filed the notice of appeal. (Dkt. No. 16 at 2.)  The objection otherwise does not discuss or take issue with any specific aspect of the R&R's analysis. (*See id.*)

### III    DISCUSSION

A district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which [an] objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.").  Objections to an R&R must be "specific." Fed. R. Civ. P. 72(b)(2).  However, "[i]f no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).  Moreover, "to the extent the objections amount to no more than general or conclusory objections to the report and recommendation,

without specifying to which issues in the report objection is made . . . a *de novo* review is unwarranted. Instead, the report and recommendation is reviewed by the district judge for clear error." *Rodriguez-Gonzalez v. Astrue*, 854 F. Supp. 2d 176, 178 (D.P.R. 2012) (internal citations omitted)

Plaintiff's objections do not specifically address the R&R's findings that a) Plaintiff's claims are barred by judicial immunity and/or sovereign immunity, b) Plaintiff cannot represent her minor children, and c) this Court cannot hear appeals from the state court decisions of which Plaintiff complains. The Court finds no error in those aspects of the R&R's analysis and does not analyze them further.[2] Likewise, this Court already provided analysis as to why neither Judge Fricke nor the Undersigned are required to recuse from this matter (*see* Dkt. No. 11 at 3) and declines the invitation to reconsider those objections yet again.[3]

The Court will however analyze Plaintiff's jurisdictional objection to the R&R *de novo*. In general, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). However, "[t]his rule is judge-made; its purpose is to promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously." *Id.* Therefore, "[t]he principle of exclusive appellate jurisdiction is not, however, absolute." *Id.* The Ninth Circuit recognizes an exception to the rule "where the district court action aids us in our review." *In re Silberkraus*, 336 F.3d 864, 869 (9th Cir. 2003). That is

---

[2] In reaching this conclusion, the Court reviewed the record in this matter, including Plaintiff's initial and proposed amended complaint and supporting materials (Dkt. Nos. 1, 1-1, 9.)

[3] The Court notes that Plaintiff's proposed complaint adding Judge Fricke and the Undersigned as defendants was never adopted, so at this time the Undersigned is not a defendant. Regardless, neither threatening to sue judges nor actually doing so mandates recusal. *See United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him.")

because the goal of the rule is to prevent wasted resources, and the rule "should not be employed to defeat its purposes nor to induce needless paper shuffling." *Id.* (quoting *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 849 F.2d 730, 734 (9th Cir. 1988)).[4]

Here, Plaintiff filed a notice of appeal after the Undersigned refused to recuse, but before any final judgment was entered in this case. (Dkt. No. 13.) Generally, federal courts of appeal only have appellate jurisdiction over "final decisions of the district courts," unless the "collateral order doctrine" applies. *See United States v. Alvarez-Moreno*, 657 F.3d 896, 898 (9th Cir. 2011); 28 U.S.C. § 1291. Ultimately, it will be for the Ninth Circuit in the first instance to determine its own jurisdiction. But this Court finds that adoption of the R&R and entry of final judgment at this Court would aid the Ninth Circuit in its review, by potentially resolving a question of whether the appeal is premature and allowing the Circuit to review the complete record.

Accordingly, the Court finds that it has jurisdiction to adopt the R&R and will do so, and it overrules Plaintiff's objections to the contrary.

## IV    CONCLUSION

The Report and Recommendation (Dkt. No. 15) of the Hon. Theresa L. Fricke is ADOPTED, and Plaintiff's objections (Dkt. No. 16) are DENIED. This case is DISMISSED without prejudice and all other pending motions are STRICKEN. The Clerk shall forward a copy of this Order to Plaintiff and to Judge Fricke.

Dated this 27th day of June, 2025.

David G. Estudillo
United States District Judge

---

[4] In some instances, a district court may also retain jurisdiction if an appeal is frivolous. *See United States v. LaMere*, 951 F.2d 1106, 1108–1109 (9th Cir. 1991).