UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARA MURRAY,<br><br>                    Plaintiff,<br>          v.<br><br>SUPREME COURT OF WASHINGTON<br>et al.,<br><br>                    Defendant. | CASE NO. 3:25-cv-05074-DGE<br><br>ORDER DENYING MOTION TO<br>VACATE JUDGMENT (DKT. NO.<br>21) |

Before the Court is Plaintiff's motion to vacate judgment under Rule 60(b)(4) and 60(b)(6). (Dkt. No. 21.) For the foregoing reasons, the Court DENIES Plaintiff's motion.

## I       BACKGROUND

On January 29, 2025, Plaintiff filed suit against the Washington Supreme Court and each of its Justices. (Dkt. No. 1.) In relation to petition for writ of mandamus in a child custody matter, Plaintiff alleged that Defendants violated her rights under the Americans with Disabilities Act ("ADA") and other statutes by failing to appoint her an attorney and denying her request to proceed *in forma pauperis* ("IFP"). (*Id.* at 4, 7–9.) Plaintiff filed an IFP application in this

ORDER DENYING MOTION TO VACATE JUDGMENT (DKT. NO. 21) - 1

Court, requesting to file her complaint without paying the filing fee.  (Dkt. No. 4.)  On March 5, 2025, the Honorable Magistrate Judge Theresa L. Fricke found the complaint to be deficient and ordered Plaintiff to either show cause why the complaint should not be dismissed or file an amended complaint.  (Dkt. No. 5.)  On March 12, 2025, Plaintiff filed a "Motion to Strike Show Cause Order, Compel ADA Accommodations, Compel IFP Approval, Disqualify Judges."  (Dkt. No. 6.)  Judge Fricke denied the motion to recuse herself and referred the matter to the Undersigned under Local Civil Rule 3(f).  (Dkt. No. 8.)  The Undersigned affirmed Judge Fricke's decision not to recuse and declined to recuse himself.[1]  (Dkt. No. 11.)  Following the denial of recusal, Plaintiff filed a notice of appeal with the Ninth Circuit for the Court's "constructive denial" of her IFP motion and her disability-related accommodation requests. (Dkt. No. 13.)

On June 10, 2025, Judge Fricke issued a Report and Recommendation ("R&R") dismissing Plaintiff's case without prejudice, which this Court adopted.  (Dkt. Nos. 15, 17.)  In its order, the Court noted that Plaintiff filed a notice of appeal after the Undersigned refused to recuse, but before any final judgment was entered.  (Dkt. No. 17 at 5.)  The Court concluded "adoption of the R&R and entry of final judgment at this Court would aid the Ninth Circuit in its review, by potentially resolving the question of whether the appeal is premature and allowing the Circuit to review the complete record." (*Id.*)  On July 21, 2025, the Ninth Circuit dismissed Plaintiff's appeal based on lack of jurisdiction, as the notice of appeal did not challenge any final or appealable district court order.  (Dkt. Nos. 19, 20.)

---

[1] The Undersigned referred the matter to District Judge Tana Lin for her review pursuant to Local Civil Rule 3(f).  (Dkt. No. 11.)  Judge Lin affirmed the order denying the Undersigned's recusal.  (Dkt. No. 12.)

ORDER DENYING MOTION TO VACATE JUDGMENT (DKT. NO. 21) - 2

Plaintiff now asks the Court to grant relief from judgment under Federal Rule of Civil Procedure 60(b)(4) and 60(b)(6) due to "uncontroverted notice of federal constitutional, statutory, and treaty violations." (Dkt. No. 21 at 5.)

## II    DISCUSSION

Federal Rule of Civil Procedure 60(b)(4) "authorizes the court to relieve a party from a final judgment if 'the judgment is void.'" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010); *see also* Fed. R. Civ. P. 60(b)(4). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271.

Plaintiff argues the June 27, 2025 judgment is void because (1) the Undersigned and all named defendants were Respondents in United States Supreme Court Case 25-5307 and thus this Court had "a duty to refrain from adverse adjudication[,]" (2) the judgment was entered in violation of her First Amendment rights, and (3) she was denied reasonable accommodations required under the ADA. (Dkt. No. 21 at 2.)

Plaintiff contends that on March 17, 2025, she filed a writ of mandamus with the United States Supreme Court, naming Defendants as Respondents. (Dkt. No. 21 at 3.) Plaintiff cites no authority in support of her position that this Court was divested of jurisdiction because of the writ of mandamus before the United States Supreme Court. As to Plaintiff's First Amendment and ADA arguments, Plaintiff fails to show how these claims either deprived the Court of jurisdiction to decide the case, or deprived her of notice or an opportunity to be heard in violation of due process. Thus, Plaintiff does not establish that the June 27, 2025 judgment is void pursuant to Rule 60(b)(4).

Under Federal Rule of Civil Procedure 60(b)(6), a court may relieve a party from final judgment for "any other reason that justifies relief."  The Ninth Circuit has stated that "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (internal citations and quotations omitted).  Rule 60(b)(6) is available only when Rules 60(b)(1) through (b)(5) are inapplicable.  See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, n. 11 (1988).  Because Plaintiff argues the judgment is void under Rule 60(b)(4), relief under Rule 60(b)(6) is not available.  However, the Court will address Plaintiff's arguments.

Plaintiff contends she is entitled to relief because of "[o]ngoing denial of meaningful court access in violation of the ADA, Rehabilitation Act, Eighth and Fourteenth Amendments, and ICCPR/CAT treaty protections."  (Dkt. No. 21 at 5.)  However, Plaintiff fails to articulate how she has been denied meaningful access to the courts in violation of these statutes and amendments.  Plaintiff further argues that there has been "[i]nstitutional conflicts of interest compromising this Court's neutrality."  (Dkt. No. 21 at 5.)  This Court has already provided analysis as to why neither Judge Fricke nor the Undersigned are required to recuse from this matter (*see* Dkt. No. 11 at 3) and declines the invitation to reconsider those objections yet again.  Plaintiff fails to establish "extraordinary circumstances" such that relief is warranted under Rule 60(b)(6).

## III    CONCLUSION

Accordingly, the Court DENIES Plaintiff's motion to vacate the judgment.  (Dkt. No. 21.)

ORDER DENYING MOTION TO VACATE JUDGMENT (DKT. NO. 21) - 4

Dated this 29th day of January, 2026.

David G. Estudillo
United States District Judge

ORDER DENYING MOTION TO VACATE JUDGMENT (DKT. NO. 21) - 5